ORIGINAL

# In The United States Court of Federal Claims

No. 13-645 C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed: January 30, 2014)

FILED
JAN 3 0 2014
U.S. COURT OF
FEDERAL CLAIMS

CLYDE B. WILLIAMS, *pro se*,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.

**OPINION and ORDER**

On September 5, 2013, Clyde B. Williams (plaintiff) filed a complaint seeking, *inter alia,* damages and other relief associated with his alleged wrongful conviction by a Wisconsin court, as well as veteran and Social Security benefits. On November 1, 2013, defendant moved to dismiss this complaint under RCFC 12(b)(1) for lack of jurisdiction. On January 24, 2014, plaintiff filed his response to the motion. Further briefing on the motion, as well as argument thereon, is deemed unnecessary.

A complaint must establish that the court has subject-matter jurisdiction. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). This court recognizes that plaintiff is acting *pro se* before this court, and thus the court will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney. *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Nevertheless, a *pro se* litigant's pleadings must still comply with the same jurisdictional and procedural rules as other litigants. *See Greenhill v. United States*, 81 Fed. Cl. 786, 790 (2008) (citing *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995)).

With very limited exceptions, the jurisdictional statutes governing the United States Court of Federal Claims grant authority to the court only to issue judgments for money against the United States and then, only when they are grounded in a contract, a money-mandating statute, or the

takings clause of the Fifth Amendment. *See United States v. Testan*, 424 U.S. 392, 397-98 (1976); 28 U.S.C. § 1491. Plaintiff makes some references in his complaint to the Due Process Clause of the Fifth Amendment to the U.S. Constitution – but this is not a money-mandating provision, as would support this court's exercise of jurisdiction. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *Carruth v. United States*, 627 F.2d 1068, 1081 (Ct. Cl. 1980).

Nor does this court have jurisdiction to consider collateral attacks on plaintiff's criminal conviction, *see Carter v. United States*, 228 Ct. Cl. 898, 900 (1981), or to handle claims against state agencies or officials for actions not attributable to the United States, *see* 28 U.S.C. § 1491(a)(1) (limiting the jurisdiction of the United States Court of Federal Claims to claims "against the United States"); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (concluding that the court's jurisdiction does not extend to suits against individual officials); *Shewfelt v. United States*, 104 F.3d 1333, 1337-38 (Fed. Cir. 1997) (holding that the actions of state officials were not attributable to the United States).

The court does possess jurisdiction "to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. But, plaintiff was not convicted of any offense against the United States. Nor does he meet any of the other statutory prerequisites for obtaining relief under section 1495. *See* 28 U.S.C. § 2513(b).

Finally, this court lacks jurisdiction over plaintiff's claims for veterans benefits and Social Security benefits. Review of claims involving such benefits is not permitted under the Tucker Act, 28 U.S.C. § 1492, but rather has been assigned by Congress to other tribunals. *See Smalls v. United States*, 87 Fed. Cl. 300, 306 (2009) (discussing veterans benefits); *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) (discussing Social Security benefits).

Accordingly, this Court lacks jurisdiction over any of the claims raised by plaintiff. The Clerk shall dismiss plaintiff's complaint for lack of jurisdiction.

**IT IS SO ORDERED.**

_____
Francis M. Allegra
Judge